by legally sufficient proof that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9) and that the conviction of resisting arrest is not supported by proof beyond a reasonable doubt of an authorized arrest. (Appeal from Judgment of Supreme Court, Erie County, Sheridan, J.— Assault, 3rd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT JONES, Appellant. (Appeal No. 1.) [682 NYS2d 497] —Judgment unanimously affirmed. Memorandum: County Court properly refused to admit into evidence a statement made by defendant's brother. The court properly determined that the declarant was not aware that his statement was against his penal interest and thus that the statement was not sufficiently reliable to be admissible under that exception to the hearsay rule (see, People v Settles, 46 NY2d 154, 167; see also, People v Shortridge, 65 NY2d 309, 312). The court did not abuse its discretion in denying defendant's CPL 440.10 motion to vacate the judgment based on evidence that was allegedly discovered since the entry of the judgment (see, People v Salemi, 309 NY 208, cert denied 350 US 950; People v Balan, 107 AD2d 811, 814-815). The alleged new evidence is not " 'such as will probably change the result if a new trial is granted' " (People v Salemi, supra, at 216).

The court properly denied defendant's motion to suppress identification testimony. The People met their initial burden of establishing the reasonableness of the police conduct and lack of suggestiveness, and defendant failed in response to meet his burden of establishing that the identification procedure was unduly suggestive (see, People v Hyde, 240 AD2d 849, 850, lv denied 91 NY2d 874).

Because the People's case was based on both direct and circumstantial evidence of defendant's guilt, the court did not err in refusing to give a moral certainty charge to the jury (see, People v Daddona, 81 NY2d 990; People v Barnes, 50 NY2d 375, 379-380). The interested witness charge given by the court adequately conveyed the proper standard and was properly balanced (see, People v Bowden, 198 AD2d 39, 40). Finally, there is no merit to the contention that defendant was deprived of a fair trial by prosecutorial misconduct (see generally, People v Galloway, 54 NY2d 396, 401). (Appeal from Judgment of Monroe County Court, Egan, J.—Manslaughter, 1st Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT JONES, Appellant. (Appeal No. 2.) [684 NYS2d 450] —Or-

der unanimously affirmed. Same Memorandum as in *People v Jones* (256 AD2d 1172 [decided herewith]). (Appeal from Order of Monroe County Court, Egan, J.—CPL art 440.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■ JOYCE L. NIELSEN, Appellant, v WILLIAM A. NIELSEN, Respondent. [682 NYS2d 502] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: "Questions of maintenance are addressed to the sound discretion of the trial court" (*Torgersen v Torgersen,* 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709). We reject plaintiff's contention that Supreme Court abused its discretion in declining to award maintenance (*see, Knight v Knight,* 231 AD2d 847). We further reject the contention that the court abused its discretion in denying plaintiff's request for an award of counsel fees (*see, Torgersen v Torgersen, supra,* at 1024) and add that an "award to plaintiff for counsel fees generated by this appeal is not warranted and in the exercise of our discretion we deny the request" (*Bushorr v Bushorr,* 129 AD2d 989; *see, DiSanto v DiSanto,* 198 AD2d 838, 839). The court properly allocated between the parties the credit card debt incurred prior to the separation (*see, Savage v Savage,* 155 AD2d 336) and properly determined the value of the parties' vehicle (*see, Daisernia v Daisernia,* 188 AD2d 944, 946).

The court erred, however, in determining that the severance payment of $52,500 received by defendant after the commencement of the divorce action constituted separate property. Upon our review of the evidence, we conclude that the severance payment constituted compensation for past services rather than an incentive for future services (*see, DeJesus v DeJesus,* 90 NY2d 643, 652; *Olivo v Olivo,* 82 NY2d 202, 207-208). The record further establishes that 95% of the severance payment, i.e., $49,875, was earned during the marriage and constitutes marital property. Thus, we modify the judgment by awarding plaintiff $24,937.50, one half of the $49,875. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Matrimonial.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■ In the Matter of CITY OF HORNELL et al., Respondents, v BOARD OF ASSESSORS et al., Respondents, and ARKPORT CENTRAL SCHOOL DISTRICT, Intervenor-Appellant. [684 NYS2d 725] —Order and judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: In May 1997 petitioner City of Hornell (City) transferred property known as the Hor-